UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES TOMASSI,

                         Petitioner,

                      -against-                          MEMORANDUM & ORDER
                                                       15-CV-777 (JMA)

SUFFOLK COUNTY SHERIFF DEMARCO,

                        Respondent.
----------------------------------------------------------X

**AZRACK, District Judge:**

On February 13, 2015, *pro se* petitioner James Tomassi ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his on-going criminal actions pending in the Suffolk County Court, Criminal Term, under criminal docket numbers 2014SU01756 and 2014SU02752. For the reasons explained below, the petition is *sua sponte* dismissed without prejudice as it is premature and unexhausted.

## BACKGROUND

According to the petition, Petitioner is "being held on a $1.5 million bond for a traffic infraction." (Pet. at 6, ¶ 12.) Petitioner alleges that, "[t]o date I have not entered a plea because the Court refuses to credit me with all the time I have in." (Pet. at 1-2, ¶ 6.) According to the case information maintained by the New York State Unified Court System, case number 01756-2014 arises from Petitioner's July 13, 2014 arrest and case number 02752-2014 arises from his November 27, 2014 arrest. In each case, Petitioner was charged with several violations of the New York Vehicle and Traffic Law, including felony counts of operating a motor vehicle with a suspended license and aggravated unlicensed operation of a motor vehicle in the first degree in violation of N.Y. VTL § 511.3(3). *See* New York State Unified Court System, WebCrims, Case Details-Appearances, available at(last visited March 13, 2015). The case information further reflects that

Petitioner pled guilty to such charges in both cases on March 2, 2015 and was sentenced to a six-month term of imprisonment. (*Id.*)

On March 4, 2015, Petitioner's mother attempted to file an affidavit, and various supporting documents, in support of the petition. (Affidavit in Support of Writ of Habeas Corpus, Dkt. Entry No. 5.) The affidavit confirms that Petitioner plead guilty. (*Id.*) The affidavit also indicates that, prior to Petitioner's guilty plea, he "applied for a writ of habeas corpus," which was denied when Petitioner's attorney "told the ADA in that courtroom that [Petitioner] was going to take a plea . . . ." (*Id.*)

On March 6, 2015, Petitioner filed an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (the "Order to Show Cause") along with a supporting affidavit.[1] The Order to Show Cause seeks an order directing the Suffolk County Sheriff to show cause why Petitioner should not be credited for all time he has already served and ordering his immediate release. (*See* Order to Show Cause Supporting Affidavit, Dkt. Entry Nos. 3-4.) According to this submission, Petitioner believes he is entitled to 19 days he served during the period October 3, 2014 through October 22, 2014. (*Id.*) Thus, Petitioner claims that although he should have been released on March 1, 2015, he was informed that his date for release is March 20, 2015. (*Id.*)

In addition to Petitioner's claim that the state court did not properly calculate his time, Petitioner also claims that: (1) corrections officers used excessive force on him; and (2) he has a medical condition that needs to be monitored closely. (*See* Petition at 7, 9; Order to Show Cause

---

[1] The affidavit in support of the Order to Show Cause includes a "Power of Attorney" purporting to grant Petitioner's mother the authority to act on Petitioner's behalf in all legal matters. This Power of Attorney was filed after Petitioner's mother attempted to file her affidavit on March 4, 2015. The Court assumes, without deciding, that Petitioner's mother's affidavit and the affidavit filed in support of the Order to Show Cause were properly filed and that the facts alleged in those documents can be considered by the Court.

at 2.)

For the reasons that follow, the Petition is dismissed without prejudice and the Court declines to sign the Order to Show Cause.

DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935 at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(I)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. *Henry*, 2011 WL 319935 at *1 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, at the time the petition was filed, Petitioner had not yet been convicted and, thus, was not in custody pursuant to the judgment of a state court. Accordingly, the Petition must be dismissed.[2] *See Henry*, 2011 WL 319935, at *2 (citing *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing, without prejudice,

---

[2] Though in limited circumstances a pre-conviction petition may be brought pursuant to 28 U.S.C. § 2241, such circumstances are not alleged here.

petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies).

Moreover, even if the Court were to treat the Order to Show Cause as an amendment to the petition, the petition is still not ready for this Court's review. Petitioner does not allege that, in the four days between his guilty plea and the filing of the Order to Show Cause, he appealed his constitutional claim to the highest state court having jurisdiction. Given that Petitioner has not yet exhausted his state court remedies or alleged an absence of available state corrective process or circumstances that render such process ineffective to protect his rights, the petition is DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 2254; *Henry*, 2011 WL 319935, at *2; *see also Lynch v. DeMarco*, No. 11-CV-4708, 2011 WL 6097737, *2 (E.D.N.Y. Dec. 1, 2011) (*sua sponte* dismissing unexhausted § 2254 petition); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge must dismiss the petition). Moreover, the dismissal is without prejudice to the filing of a civil complaint pursuant to 42 U.S.C. § 1983 should Petitioner wish to pursue a claim concerning the alleged excessive force and inadequacy of his medical treatment.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as it is unexhausted and the Court declines to sign the Order to Show Cause. A certificate of appealability shall not issue as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated:     March 13, 2015            /s/ (JMA)
              Central Islip, New York     JOAN M. AZRACK
                                          United States District Judge